## CIRCUIT COURT OF HENRICO COUNTY

Commonwealth of Virginia

v.

Andrew M. Maryland

December 2, 1985

Case No. 85-F-557

By JUDGE JOSEPH F. SPINELLA

The evidence on the motion to suppress was heard on August 15, 1985. The Court has reviewed the evidence and considered the briefs of the Commonwealth and of the defendant. The Court finds the facts on the motion to be as follows.

Prior to May 23, 1985, Investigator Hewlett received information from an informer that drugs were being distributed from the residence of Andrew M. Maryland, the defendant at 2408 Hartman Street in Henrico County. A tactical team was alerted at approximately 5:00 p.m. and at approximately 10:30 p.m.; he and other officers began surveillance of the residence. Approximately one-half hour later Hewlett left the area to procure a search warrant based upon information received from an informant and supported by the surveillance that took place while at the same time the tactical team was dispatched to the residence to assist in the execution of the search warrant. At approximately 12:50 a.m., four persons came out of the residence and proceeded to the van parked in front of the house. Hewlett had not returned with the search warrant but was contacted for instructions pertaining to the four persons leaving the residence as well as the residence. The team was then instructed by Hewlett to arrest the four persons leaving the home and to secure the residence.

In arresting the four suspects one officer saw someone look out the window and then disappear from view. The officers then forcibly entered the house when they could not get a response to open up and they secured the three persons found in the house, one of whom was the defendant. The persons found were searched for weapons and no weapons or drugs were found on the person of the defendant. The four persons arrested at the van were brought into the house to await the return of Hewlett. There was no evidence to show that any officer conducted a search of any room or any part of the house. Approximately, 1:50 a.m., Hewlett arrived with a search warrant which had been issued at 1:30 a.m. and the search of the home then took place. All of the evidence which was seized and which is the subject of this motion, came into the possession of the police after the search warrant was executed on the defendant.

The Court finds that the case of *Keeter and Bray v. Commonwealth*, 222 Va. 134 (1981), is controlling. The facts very nearly parallel the facts of this case as to sequence of events.

> Warrantless searches are per se unreasonable and violative of Fourth Amendment rights, subject to a few exceptions, such as danger to the law enforcement officers or risk of loss or destruction of evidence. . . .
>
> Likewise, warrantless entries into residences, while per se unreasonable, may be justified under exigent circumstances, such as the risk that evidence will be lost or destroyed. . . .
>
> Therefore, in each case a determination must be made whether the law enforcement officers had probable cause at the time of their warrantless entry to believe that cognizable exigent circumstances were present. The officers are not required to possess either the gift of prophecy or the infallible wisdom that comes only with hindsight. They must be judged by their reaction to circumstances as they reasonable appeared to trained law enforcement officers to exist when the decision to enter was made.

The officers in this case had probable cause to believe that the surveillance may have been discovered and that evidence would be destroyed because a person was seen glancing out of the window while the arrest was taking place in front of the house and police officers identifying themselves to the persons being arrested.

The evidence was not seized from the house until after the defendant was served with a search warrant. The court holds that the initial warrantless entry was justified by exigent circumstances and the police had probable cause to believe that the contraband could be destroyed and therefore the entry to secure the premises was reasonable and the evidence secured from the search of the premises after the execution of the search warrant was legal and therefore admissible. The Motion to Suppress is overruled.